UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| IN RE: DARVOCET, DARVON AND PROPOXYPHENE PRODUCTS LIABILITY LITIGATION ) ) ) ) | Master File No. 2: 11-md-2226-DCR MDL Docket No. 2226 |
| *L.B.F.R., et al. v. Eli Lilly & Co., et al.*, ) ) ) ) ) ) | Civil Action No. 2: 12-52-DCR  **MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiffs L.B.F.R. and J.L.L.F., minors suing by and through their guardian Diane Laws, have filed a motion to remand this case to the Superior Court of California, Los Angeles County. [MDL Record No. 1806] The plaintiffs, who are California citizens, maintain that their post-removal joinder of two California defendants defeats diversity and deprives the Court of subject matter jurisdiction. According to Defendant Eli Lilly and Company, however, its co-defendants were fraudulently joined, and the case may properly remain in federal court. For the reasons explained below, the motion for remand will be granted.

**I.**

The plaintiffs filed this lawsuit on December 16, 2011, asserting claims related to their deceased mother's ingestion of prescription drugs containing propoxyphene. [Record No. 1, p. 9; *see id.*, p. 10 ¶¶ 2-3][1] The initial complaint named as defendants Eli Lilly and Company

---

[1] All citations to the record relate to Civil Action No. 2: 12-52 unless otherwise indicated.

-1-

("Lilly"); Watson Pharmaceuticals, Inc. ("Watson"); and "Does 1-100." [*Id.*, p. 9] Although the plaintiffs alleged that Watson was a California citizen, Lilly stated in its Notice of Removal that Watson was in fact a citizen of Nevada and New Jersey. [*Id.*, pp. 4 ¶ 13, 11 ¶ 5] Lilly therefore removed the case to the United States District Court for the Central District of California on the basis of diversity jurisdiction. [*Id.*, p. 1]

The case was transferred to this Court as part of the Darvon/Darvocet multidistrict litigation (MDL) in February 2012. On April 11, 2012, the plaintiffs sought leave to amend the complaint to omit all claims against Watson, make additional claims against Lilly, and add two new parties (originally identified as John Doe defendants): Southwood Pharmaceuticals, Inc. ("Southwood") and California Pharmacy Management, LLC, n/k/a Industrial Pharmacy Management LLC ("California Pharmacy").[2] [Record No. 37] The Court granted their motion. [Record No. 45] The Amended Complaint asserted the following claims against all three defendants: wrongful death, survival, design defect, breach of express warranty, breach of implied warranty, negligence, intentional misrepresentation, negligent misrepresentation, intentional concealment, and negligent failure to warn.[3] [Record No. 48, pp. 7-40] As set forth in the Amended Complaint, California Pharmacy is a California citizen and was "one of the sellers and distributors of the propoxyphene-containing products ingested by the Decedent shortly before her death." [*Id.*, p. 4 ¶ 9; *see id.* ¶ 8] Citing exhibits attached to the Amended

---

[2]The plaintiffs voluntarily dismissed, with prejudice, all of their claims against Watson. [Record No. 41]

[3]The Amended Complaint also included claims of failure to warn and negligence against Lilly only. [Record No. 48, pp. 13-15, 38-40]

Complaint, the plaintiffs further allege that California Pharmacy "sold and/or distributed the last-documented propoxyphene-containing products to Decedent two days before her death." [*Id.*, p. 6 ¶ 16]

With respect to Southwood, the Amended Complaint contains more detailed allegations. The plaintiffs assert that Southwood, also a California citizen, "was in the business of manufacturing, marketing, innovating, developing, creating, designing, testing, labeling, packaging, promoting, distributing and/or selling generic propoxyphene-containing products." [*Id.*, p. 3 ¶ 5; *see id.*, p. 4 ¶ 7] They further allege that Southwood held the "approved ANDAs [Abbreviated New Drug Applications] for prescription pain medications containing propoxyphene that were generic formulations of Darvon/Darvocet" [*id.*, pp. 3-4 ¶ 6] and that the company is "[t]he product manufacturer associated with" the National Drug Code number on the last propoxyphene product purchased by their mother. [*Id.*, p. 6 ¶ 16; *see id.* ¶ 15]

A week after filing the Amended Complaint, the plaintiffs moved for remand, arguing that the addition of Southwood and California Pharmacy destroyed diversity and thus divested the Court of subject matter jurisdiction over this action. [MDL Record No. 1806, p. 4] In response, Lilly maintains that diversity jurisdiction still exists because Southwood and California Pharmacy were fraudulently joined. [MDL Record No. 1892]

**II.**

The Court has previously addressed the doctrine of fraudulent joinder in this MDL. *See Freitas v. McKesson Corp.*, No. 2: 12-50-DCR, 2012 U.S. Dist. LEXIS 91256, at *9-18 (E.D. Ky. July 2, 2012). As explained in *Freitas*, a non-diverse defendant is fraudulently joined, and

its presence does not defeat diversity jurisdiction, "if there is no 'reasonable basis' to expect that the plaintiff's claims against the non-diverse defendant could succeed under state law."[4] *Id.* at *10-11 (quoting *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)). The doctrine operates as an exception to the requirement of complete diversity in cases removed from state court. *Id.* at *10.

It does not apply, however, when non-diverse defendants are properly joined after the case has been removed. Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Several circuits have concluded that this statute means that an after-the-fact challenge to post-removal joinder of non-diverse defendants is too late. The Fifth Circuit reasoned:

> [W]hen a non-diverse defendant is named in an original state court action to prevent removal, the diverse defendant has no opportunity to contest joinder before it occurs and must rely upon the fraudulent joinder doctrine. In contrast, a diverse defendant can argue that a *post-removal* joinder is improper *before* the court grants the plaintiff leave to amend. Thus, once a court permits post-removal joinder of a non-diverse defendant, the fraudulent joinder doctrine is not thereafter available, "[t]he court [loses] subject matter jurisdiction," and remand is required pursuant to 28 U.S.C. § 1447(e).

*Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009) (alterations in original) (citations omitted) (quoting *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677-78 (5th Cir. 1999)). Likewise, the Fourth Circuit observed that a court faced with the proposed joinder of a jurisdictional spoiler following removal has just two options under § 1447(e): deny joinder, or permit it and then

---

[4] Due to a typographical error, the *Freitas* opinion incorrectly stated that a case "should be remanded" if fraudulent joinder is found. *See* 2012 U.S. Dist. LEXIS 91256 at *10.

remand. *Mayes v. Rapoport*, 198 F.3d 457, 461-62 (4th Cir. 1999). Courts may, however, consider fraudulent joinder when deciding whether to allow non-diverse defendants to be joined. *Id.* at 462-63; *see also Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 764 (7th Cir. 2009) ("[A]lthough the fraudulent joinder doctrine is not directly applicable to the post-removal context, it can be a relevant factor for determining whether to permit joinder under § 1447(e).").

In other words, if Lilly believed that the plaintiffs were joining Southwood and California Pharmacy solely to deprive the Court of diversity jurisdiction, it should have voiced that objection when they moved for leave to amend.[5] Since it did not, § 1447 leaves the Court no choice but to remand. *See Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 541 (6th Cir. 2006) ("Upon the order granting [the plaintiff]'s motion to amend his complaint to identify . . . and add . . . nondiverse defendants, complete diversity was destroyed, and so remand to state court was required at that time.").

Lilly would not have prevailed on its fraudulent-joinder argument in any event. Lilly's primary contention is that the claims against Southwood and California Pharmacy cannot succeed because they are preempted under *PLIVA, Inc. v. Mensing*, 131 S. Ct. 2567 (2011). [*See* MDL Record No. 1892, pp. 4-8] As discussed in *Freitas*, however, the issue of preemption goes to the merits of the plaintiffs' case and may not be considered for purposes of the fraudulent-joinder analysis, which is merely a "'threshold jurisdictional'" inquiry. 2012 U.S. Dist. LEXIS 91256 at *12 (quoting *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 112 (3d Cir. 1990)); *see id.*

---

[5]In light of the procedure adopted by the Court to allow amendment of complaints, Lilly's actions are completely understandable. However, because the John Doe defendants were originally identified by the plaintiffs' original complaint, objection to the joinder of the two defendants that now defeat diversity would not have been successful even if Lilly had objected to the amendment.

at *13-17. Lilly's remaining contention — that as a pharmacy, California Pharmacy is shielded from liability under California law — need not be considered since it would still leave one non-diverse defendant (Southwood) in this case.

### III.

Because the parties to this action are no longer completely diverse, the Court lacks subject matter jurisdiction. Accordingly, it is hereby

**ORDERED** as follows:

(1)  The plaintiffs' Motion to Remand [MDL Record No. 1806] is **GRANTED**.

(2)  The Motions to Dismiss of California Management, LLC [MDL Record No. 1917] and Southwood Pharmaceuticals, Inc. [MDL Record No. 1954] are **DENIED**, without prejudice, as moot.

(3)  This action is **REMANDED** to the Superior Court of California, Los Angeles County, and **STRICKEN** from this Court's docket.

This 16th day of July, 2012.



Signed By:
*Danny C. Reeves* DCR
United States District Judge