UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| IN RE: DARVOCET, DARVON AND PROPOXYPHENE PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) | Master File No. 2: 11-md-2226-DCR MDL Docket No. 2226 |
| *Halcomb v. Eli Lilly and Company,* | ) ) ) ) ) ) ) | Civil Action No. 2: 12-97-DCR

**MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiffs William and Linda Halcomb's motion to remand the action to Marion County Superior Court.  [MDL Record No. 1697]  The plaintiffs argue that the Court lacks subject matter jurisdiction and that the action was not properly removed to federal court.  Defendant Eli Lilly and Company ("Lilly") counters that the Court has diversity jurisdiction over the matter, and asserts that removal of the case was proper because Lilly had not been properly joined and served at the time of removal.  For the reasons explained below, the plaintiffs' motion will be granted.

**I.**

This matter was originally filed on November 22, 2011, in Marion County Superior Court in Indianapolis, Indiana.[1]  As set forth in the Complaint, the plaintiffs are citizens of Kentucky.

---

1  All record citations herein are to Civil Action No. 2: 12-97-DCR unless otherwise indicated.

[Record No. 1-1 ¶ 1]  Lilly, the sole defendant in the action, is an Indiana corporation with its principal place of business in Indianapolis, Indiana.  Thus, it is a Indiana citizen for purposes of diversity jurisdiction.  [*Id.* ¶ 2]  *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is deemed to be a citizen of the states in which it was incorporated and in which it has its principal place of business).  The Summons prepared by the plaintiffs requested that the Complaint be sent by registered or certified mail to "Eli Lilly & Company" at "Lilly Corporate Center, Indianapolis, Indiana 46285."  [Record No. 1-1, p. 14]

On December 21, 2011, Lilly removed the case to federal court in Indiana.  In its Notice of Removal, Lilly asserted that it had "not been properly served with Summons and Complaint in the State Court Action."  [Record No. 1 ¶ 6]  As a result, Lilly sought removal "prior to service pursuant to 28 U.S.C. § 1332 and 1441."  [*Id.* ¶ 8]  On December 22, 2011, Lilly filed a Notice of Potential Tag-Along Action with the Judicial Panel on Multidistrict Litigation ("JPML").

On January 20, 2012, the plaintiffs filed a motion to remand in the District Court for the Southern District of Indiana.  [Record No. 22]  On the same day, Lilly filed a motion to stay all proceedings pending transfer by the JPML, which the district court granted on March 1, 2012.  [Record Nos. 21, 31]  The action was transferred to this Court on April 17, 2012, and the plaintiffs re-filed their motion for remand two days later.  [Record Nos. 33, 37]

## II.

Title 28 of the United States Code, Section 1441, governs the removal of civil actions to federal court.  A case filed in state court is removable only if it could have been brought in

federal court originally.  *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending.").  The removing party "bears the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) (citation omitted).

### A.      Subject Matter Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).  The statute "has been interpreted to demand complete diversity, that is, that no party share citizenship with any opposing party." *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000).

Lilly asserts that diversity jurisdiction exists in this case because the parties are completely diverse and the plaintiffs seek an amount in excess of $75,000. [Record No. 43, p. 3] The plaintiffs "dispute[] diversity of citizenship and have repeatedly argued that the federal court lacks subject matter jurisdiction in this case." [Record No. 45, p. 3]  The plaintiffs contend that the Court should remand this case for lack of subject matter jurisdiction because "removal is improper" under 28 U.S.C. § 1441(b). [*Id.*]  However, a federal court does not necessarily lack subject matter jurisdiction just because removal was obtained improperly. *See Grudzinski v. Staren*, 87 F. App'x 508, 512 (6th Cir. 2004) (explaining that "procedural defects in removal are not jurisdictional" (internal quotation marks omitted)).  A violation of § 1441(b) is a procedural

— rather than jurisdictional — defect. *Louis Trauth Dairy LLC v. The Risers Corp.*, No. C2-02-935, 2002 WL 31951268, at *3 (S.D. Ohio, Dec. 10, 2002) ("The prohibition in § 1441(b) is procedural because it does not affect the Court's diversity jurisdiction."). And, as Lilly maintains, the parties are diverse and the minimum amount in controversy has been met. Therefore, the Court has subject matter jurisdiction over this action.

**B.      Removal**

The plaintiffs also challenge Lilly's removal of this matter as procedurally defective. *See* 28 U.S.C. § 1447(c).  The removal statute limits the circumstances in which a case may be removed on the basis of diversity jurisdiction.  28 U.S.C. § 1441(b).  Subsection (b)(2) of the statute, commonly referred to as the "forum defendant rule," provides that an action may not be removed on the basis of diversity jurisdiction if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  The plaintiffs argue that Lilly's removal of this action violated the removal statute because Lilly is a citizen of Indiana, the forum where the case was filed.  Lilly, however, maintains that removal was authorized under § 1441(b)(2) because it had not been properly joined and served when it filed its Notice of Removal.

**The Forum Defendant Rule**

The proper interpretation of the "properly joined and served" language of the forum defendant rule has not been resolved by the federal appellate courts.  A literal reading of the statute as advocated by Lilly is that a corporate defendant may remove an action, even if it is a citizen of the forum state, until it has been served under the relevant procedural rules.  The Sixth

Circuit has indicated — albeit in dictum — that "[w]here there is complete diversity of citizenship . . . the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)."[2]  *McCall v. Scott*, 239 F.3d 808, 813 n.2 (6th Cir. 2001) (emphasis in original).  Some district courts in this circuit have rejected this reading of the statute, finding that "a literal interpretation of the provision creates an opportunity for gamesmanship by defendants, which could not have been the intent of the legislature in drafting the properly joined and served language." *Ethington v. Gen. Elec. Co.*, 575 F. Supp. 2d 855, 862 (N.D. Ohio 2008) (internal quotation marks and citation omitted); *see also NFC Acquisition, LLC v. Comerica Bank*, 640 F. Supp. 2d 964, 969 (N.D. Ohio 2009).  The majority, however, have adopted the literal reading of the statutory language. *E.g.*, *Gordon v. Home Loan Ctr., LLC*, No. 10-10508, 2011 WL 1261179, at *7 (E.D. Mich., Mar. 31, 2011); *Darsie v. Cone*, No. 5:10-CV-00154-KSF, 2010 WL 2923285, at *4 (E.D. Ky., July 22, 2010).

This Court agrees with the reasoning in *Ethington*, which found that the "joined and served" language in 28 U.S.C. § 1441(b)(2) was intended to prevent gamesmanship by plaintiffs, who might name an in-state defendant against whom . . . [there is no] valid claim in a complaint filed in state court to defeat otherwise permissible removal by the non-forum defendant(s)." 575 F. Supp. 2d at 861.  Given this purpose, it is "'absurd to interpret the same joined and served requirement to actually condone a similar kind of gamesmanship from defendants.'" *Id.* at 862

---

2   The law of the Sixth Circuit governs the removal and remand issues presented here.  *See In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d 1198, 1200 (S.D. Ind. 2001) ("Remand and removal . . . are procedural questions that hinge on federal law.").  The law of the transferor forum is not controlling, although it "merits close consideration." *Id.*  Federal district courts in Indiana have generally held that § 1441(b) precludes removal only if the defendant has been properly served at the time it files a removal petition. *See, e.g., In re Bridgestone/Firestone, Inc.*, 184 F. Supp. 2d 826, 828 (S.D. Ind. 2002).

(quoting *Allen v. Glaxosmithkline PLC*, No. 07-5045, 2008 WL 2247067, at \*4 (E.D. Pa. May 30, 2008)).  In other words,

> [t]he result of blindly applying the plain "properly joined and served" language of § 1441(b) is to eviscerate the purpose of the forum defendant rule.  It creates a procedural anomaly whereby defendants can always avoid the imposition of the forum defendant rule so long as they monitor the state docket and remove the action to federal court before they are served by the plaintiff.

*Id.* at 861 (internal quotation marks omitted).  This Court similarly holds that an in-state defendant cannot avoid the statutory prohibition against removal by removing the case before service.  Here, because Lilly is a citizen of the state in which the plaintiffs brought the action, removal was improper under the forum defendant rule of § 1441(b)(2).  Because resolution of this issue is dispositive, the Court finds it unnecessary to address the parties' remaining arguments.

## III.

As a corporate citizen of Indiana, Lilly has failed to carry its burden to show that removal was proper.  Accordingly, it is hereby

**ORDERED** as follows:

(1)    The plaintiffs' Motion to Remand [MDL Record No. 1697] is **GRANTED**.

(2)    This action is **REMANDED** to the Indiana Superior Court in Marion County, Indiana and **STRICKEN** from this Court's docket.

This 17th day of July, 2012.



Signed By:

*Danny C. Reeves*  DCR

**United States District Judge**