UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| IN RE: DARVOCET, DARVON AND PROPOXYPHENE PRODUCTS LIABILITY LITIGATION | ) ) ) ) | Master File No. 2: 11-md-2226-DCR MDL Docket No. 2226 |
| *Nail v. Eli Lilly and Company, et al.,* | ) | Civil Action No. 2: 12-235-DCR |
| *Silver v. Eli Lilly and Company, et al.,* | ) | Civil Action No. 2: 12-238-DCR |
| *J. Bennett v. Eli Lilly and Company, et al.,* | ) | Civil Action No. 2: 12-242-DCR |
| *Shaw v. Eli Lilly and Company, et al.,* | ) | Civil Action No. 2: 12-243-DCR |
| *F. Bennett v. Eli Lilly and Company, et al.,* | ) | Civil Action No. 2: 12-249-DCR |
| *Stafford v. Eli Lilly and Company, et al.,* | ) | Civil Action No. 2: 12-250-DCR |
| *Trent v. Eli Lilly and Company, et al.,* | ) | Civil Action No. 2: 12-251-DCR |
| *King v. Eli Lilly and Company, et al.,* | ) | Civil Action No. 2: 12-252-DCR |
| *Moss v. Eli Lilly and Company, et al.,* | ) | Civil Action No. 2: 12-253-DCR |
| *Tye v. Eli Lilly and Company, et al.,* | ) | Civil Action No. 2: 12-254-DCR |
| *Williams v. Eli Lilly and Company,* | ) | Civil Action No. 2: 12-270-DCR |
| *Abraham v. Eli Lilly and Company, et al.,* | ) ) ) ) ) ) | Civil Action No. 2: 13-001-DCR  **MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

On March 7, 2012, this Court granted the master motion of Eli Lilly and Company ("Lilly") to dismiss the claims asserted against it in several cases. [MDL Record No. 1402] Dismissal was based on the plaintiffs' failure to properly identify Lilly as the entity that marketed, sold, or manufactured the propoxyphene products the plaintiffs claimed to have ingested. On February 8, 2013, the Court granted Lilly's motion for entry of a show cause order in the above-captioned actions. [MDL Record No. 2520] The Court directed the plaintiffs in these cases — with the exception of Plaintiffs Donald Shaw, James Pickens, Sr., and Linda Sue

Chambless in *Shaw, et al. v. Eli Lilly and Company, et al.*, Civil Action No. 2: 12-243-DCR — to show cause why their claims should not be dismissed based on the Court's previous opinions regarding Lilly. [*Id.*, p. 2] The plaintiffs collectively responded to the Show Cause Order on March 1, 2013. [MDL Record No. 2542] Plaintiff Travis Reynolds also responded separately in *Silver, et al. v. Eli Lilly and Company, et al.*, Civil Action No. 2: 12-238-DCR. [MDL Record No. 2539]

In their consolidated response, the plaintiffs argue that the Court's ruling should be held in abeyance for the plaintiffs from Arkansas, Michigan, Nebraska, Ohio, Oklahoma, and West Virginia pending certification to the highest courts of those states. [MDL Record No. 2542, p. 2] Because the Court has denied the motion to certify, this argument is moot. [*See* MDL Record No. 2544.] The plaintiffs make no new arguments in their response. Instead, they incorporate by reference arguments already rejected by the Court.[1] [MDL Record No. 2542, pp. 2-3; *see* MDL Record Nos. 635, 908, 914, 1707] Additionally, they request that the Court allow "limited discovery" in three cases alleging the ingestion of products sold by Xanodyne: *King v. Eli Lilly and Company, et al.*, Civil Action No. 2: 12-252-DCR; *Tye v. Eli Lilly and Company, et al.*, Civil Action No. 2: 12-254-DCR; and *Abraham v. Eli Lilly and Company, et al.*, Civil Action No. 2: 13-001-DCR. [MDL Record No. 2542, p. 6] However, the Court has previously held that similar allegations establish no more than a "mere possibility" that the specific propoxyphene

---

[1] The plaintiffs indicate that their consolidated response does not address the claims asserted against Lilly by Plaintiffs Raymond Silver, Georgia Silver, or Jacqueline Pack in *Silver*, Civil Action No. 2: 12-238-DCR, because "their counsel has advised that they plan to voluntarily dismiss their claims." [MDL Record No. 2542, p. 1 n.1] As of this date, however, these plaintiffs have not filed a motion under Rule 41(a) of the Federal Rules of Civil Procedure. Therefore, their claims will be dismissed with prejudice, pursuant to the February 8, 2013 Show Cause Order. [*See* MDL Record No. 2520, p. 2.]

product ingested was manufactured by Lilly. [MDL Record No. 1402, p. 14] As a result, the claims against Lilly in these cases will be dismissed.

The plaintiffs also make specific arguments concerning product identification in three cases. They assert that Plaintiff Sharon Collins in *Shaw, et al. v. Eli Lilly and Company, et al.*, Civil Action No. 2: 12-243-DCR, "has indicated that she ingested both brand-name and generic propoxyphene pain products during the time that Lilly held the exclusive right to make and sell brand-name propoxyphene pain products." [MDL Record No. 2542, p. 5] However, the *Shaw* Complaint alleges only that Collins "was prescribed and ingested Darvocet and/or Darvon (propoxyphene) and/or its generic equivalents for the treatment of pain during the period of approximately 2001 to 2011." [Civil Action No. 2: 12-243-DCR, Record No. 1 ¶ 10] The Court has previously held that "[s]uch allegations are insufficient to show that a plaintiff is entitled to relief because the 'and/or' language permits the Court to infer the possibility that the plaintiff ingested only generic propoxyphene, and 'it is this possibility that is fatal' to these complaints." [MDL Record No. 1402, p. 9 (quoting *Patterson v. Novartis Pharm. Corp.*, 451 F. App'x 495, 497 (6th Cir. 2011))] Although the plaintiffs assert that Collins "plans to move to amend to specifically plead ingestion of products made and sold by Lilly," she has not done so as of this date. [MDL Record No. 2542, p. 5] Therefore, Plaintiff Sharon Collins's claims against Lilly will be dismissed.

Plaintiffs Donna and Andrew Wagenknecht filed a motion for leave to amend their complaint on February 27, 2013 in *Silver, et al. v. Eli Lilly and Company, et al.*, Civil Action No. 2: 12-238-DCR. [MDL Record No. 2540] They seek to "set out in more detail Plaintiff Donna

product ingested was manufactured by Lilly. [MDL Record No. 1402, p. 14] As a result, the claims against Lilly in these cases will be dismissed.

The plaintiffs also make specific arguments concerning product identification in three cases. They assert that Plaintiff Sharon Collins in *Shaw, et al. v. Eli Lilly and Company, et al.*, Civil Action No. 2: 12-243-DCR, "has indicated that she ingested both brand-name and generic propoxyphene pain products during the time that Lilly held the exclusive right to make and sell brand-name propoxyphene pain products." [MDL Record No. 2542, p. 5] However, the *Shaw* Complaint alleges only that Collins "was prescribed and ingested Darvocet and/or Darvon (propoxyphene) and/or its generic equivalents for the treatment of pain during the period of approximately 2001 to 2011." [Civil Action No. 2: 12-243-DCR, Record No. 1 ¶ 10] The Court has previously held that "[s]uch allegations are insufficient to show that a plaintiff is entitled to relief because the 'and/or' language permits the Court to infer the possibility that the plaintiff ingested only generic propoxyphene, and 'it is this possibility that is fatal' to these complaints." [MDL Record No. 1402, p. 9 (quoting *Patterson v. Novartis Pharm. Corp.*, 451 F. App'x 495, 497 (6th Cir. 2011))] Although the plaintiffs assert that Collins "plans to move to amend to specifically plead ingestion of products made and sold by Lilly," she has not done so as of this date. [MDL Record No. 2542, p. 5] Therefore, Plaintiff Sharon Collins's claims against Lilly will be dismissed.

Plaintiffs Donna and Andrew Wagenknecht filed a motion for leave to amend their complaint on February 27, 2013 in *Silver, et al. v. Eli Lilly and Company, et al.*, Civil Action No. 2: 12-238-DCR. [MDL Record No. 2540] They seek to "set out in more detail Plaintiff Donna

Wagenknecht's ingestion of a product manufactured by" Lilly. [MDL Record No. 2540-3, p. 2] The proposed amendment alleges, in part, that "Plaintiff took the brand name" propoxyphene product and that "this was before 2000." [MDL Record No. 2540-5, p. 2] Moreover, the tendered Amended Complaint specifically alleges that the "brand name Darvocet Plaintiff took was made by Eli Lilly and Company." [*Id.*]

The plaintiffs assert that Lilly will not be prejudiced by the proposed amendment because it is "in possession of discovery responses showing that Plaintiff Donna Wagenknecht ingested a propoxyphene product manufactured by" Lilly. [MDL Record No. 2540-3, p. 2] In its response to the motion to amend, Lilly contends that it would be prejudiced because Wagenknecht "did not provide any pharmacy records or other information requested in discovery, such as a sworn affidavit, to substantiate her assertion." [MDL Record No. 2567, p. 1] However, Wagenknecht's answers to Lilly's product identification interrogatories indicate that she ingested the brand name propoxyphene products Darvocet N50, Darvocet N100, and Darvon from 1993 to 2003. [MDL Record No. 2540-4, p. 4] This is sufficient to provide Lilly with notice of the factual assertions in the tendered amended complaint. Despite the fact that Lilly "acted in reliance on the failure to amend" by requesting the Show Cause Order [MDL Record No. 2567, p. 2], the Court finds that there is no "*undue* prejudice to [Lilly] by virtue of allowance of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (emphasis added). Although the plaintiffs' counsel did not comply with the Order entered on May 4, 2012 [MDL Record No. 1792] requiring amendments to be filed within twenty-one days, upon review, the Court will grant Plaintiffs Donna and Andrew Wagenknecht's motion to file an amended

complaint, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure. Thus, the Court will not dismiss the claims asserted by Plaintiffs Donna and Andrew Wagenknecht.

Regarding the *pro se* action *Williams v. Eli Lilly and Company*, Civil Action No. 2: 12-270-DCR, the plaintiffs assert that the ingestion of a Lilly product "is the only inference that can reasonably be made" from the allegations in the complaint. [MDL Record No. 2542, p. 4] They contend that "[n]othing in the Complaint suggests that the lawsuit involved ingestion of a drug made or sold by another company."[2] [*Id.*] Indeed, Plaintiff Burneva Williams named Lilly as the only defendant in *Williams*. In her Complaint, she alleges that Lilly "marketed and sold its product . . . as 'brand name' and held the NEW DRUG APPLICATION (NDA) for Darvocet containing propoxyphene until 2002." [Civil Action No. 2: 12-270-DCR, Record No. 1, p. 1] Williams also alleges that Lilly, as the manufacturer of Darvocet-N, "failed to inform consumers that the product causes sever[e] heart problems," and "concealed information from the public" regarding the drug. [*Id.*, pp. 3-4] Additionally, the "date of the incident" is listed as March 8, 2000 — two years prior to Lilly's divestiture of the NDA for Darvon and Darvocet. [*Id.*, p. 3] Keeping in mind the admonition that allegations in a *pro se* complaint should be liberally construed, the Court finds that the plaintiff in *Williams* has pleaded sufficient facts to state a claim upon which relief may be granted. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent

---

[2] Further, the plaintiffs maintain that the Plaintiff Fact Sheet for this action will confirm that the product ingested was manufactured or sold by Lilly, and Plaintiff Burneva Williams has submitted a statement to that effect as well. [*See* MDL Record No. 2542-1.]

standards than formal pleadings drafted by lawyers" (internal quotation marks omitted)). The Court will not dismiss the claims asserted against Lilly in *Williams*.

Finally, Plaintiff Travis Reynolds has filed a supplemental response in the multi-plaintiff action *Silver, et al. v. Eli Lilly and Company, et al.*, Civil Action No. 2: 12-238-DCR.[3] Reynolds asserts claims against Lilly on behalf of the Estate of Ophelia Faye Reynolds. He argues that the Court should apply California law to his claims because the "propoxyphene containing medications taken by Faye Reynolds were prescribed and taken in California." [MDL Record No. 2539, p. 3] "Texas courts require that the law of the forum with the 'most significant relationship' to the litigation be applied." *McLennan v. Am. Eurocopter Corp.*, 245 F.3d 403, 425 (5th Cir. 2001). Some of the factors to consider in determining the forum with the most significant relationship include: "the place where the injury occurred; the place where the conduct causing the injury occurred; the domicile, nationality, place of incorporation and place of business of the parties; and the place where the relationship, if any, between the parties is centered." *Id.* at 426. The Complaint in *Silver* alleges only that Plaintiff Reynolds "is a resident and citizen of Texas," and that "Ophelia Faye Reynolds was prescribed propoxyphene containing medication in or around 1986, as a result of which she died." [Civil Action No. 2: 12-238-DCR,

---

3 In their consolidated response, the plaintiffs indicate that Reynolds "is continuing with attempts to gather records to identify each party potentially liable for his decedent's ingestion of propoxyphene pain products in 1986." [MDL Record No. 2542, p. 6] They argue that because Lilly held the NDA for Darvon and Darvocet in 1986, "it would be unjust to summarily dismiss his claims now . . . while product identification discovery is continuing." [*Id.*] The Court has consistently denied similar requests. [*See, e.g.*, MDL Record No. 1791.] The plaintiffs also maintain that dismissal with prejudice is inappropriate because *Silver* "involves an original complaint." [MDL Record No. 2542, p. 6] However, pursuant to the Agreed Order entered in this action on November 28, 2012 [Civil Action No. 2: 12-238, Record No. 8; *see* MDL Record No. 1792], the plaintiffs in *Silver* were given an opportunity to amend their complaints and chose not to do so. Because the time to amend has now passed, dismissal with prejudice is proper.

Record No. 1 ¶ 9]  It contains no allegations regarding the citizenship of the decedent or the location where the alleged injury occurred.  Moreover, Reynolds has not presented any evidence that would support the application of California law to his claims.  Therefore, the Court will not consider Reynolds's arguments regarding the products-liability law of California.  Because the factual allegations related to his claims are too vague to state a claim against Lilly, the claims asserted by Plaintiff Travis Reynolds will be dismissed.[4]

With the exception of Plaintiffs Donna and Andrew Wagenknecht in *Silver* and the *pro se* plaintiff in *Williams*, the plaintiffs subject to the Court's February 8, 2013 Show Cause Order have failed to demonstrate why their claims should not be dismissed based on the Court's prior opinions in this proceeding.  [MDL Record No. 2520; *see* MDL Record No. 1402]  Accordingly, it is hereby

**ORDERED** as follows:

1. To the extent that the plaintiffs' consolidated response is construed as a motion for an abeyance, that motion is **DENIED**.

2. The claims asserted against Defendant Eli Lilly and Company by the following plaintiffs are **DISMISSED**, with prejudice:

   a. Civil Action No. 2: 12-235-DCR, Plaintiffs Don and Sheila Nail;

---

[4] Additionally, a "complaint should be dismissed when the governing law cannot be determined from the facts alleged therein." *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 n.16 (N.D. Tex. 2009).  Therefore, to the extent that the allegations pertaining to Reynolds in the *Silver* Complaint "do not allow the Court sufficient factual detail to make a considered choice of law analysis as to whether Texas law applies at all," the claims asserted by Reynolds are also subject to dismissal on these grounds.  *Id.*

    b.    Civil Action No. 2: 12-238-DCR, Plaintiffs Raymond Silver, Georgia Silver, Paulette Melancon, Jacqueline Pack, and Travis Reynolds as wrongful death beneficiary of the Estate of Ophelia Faye Reynolds;

    c.    Civil Action No. 2: 12-242-DCR, Plaintiff Jeffrey A. Bennett;

    d.    Civil Action No. 2: 12-243-DCR, Plaintiffs Sharon Collins, Linda Gilmore, and Lamar James;

    e.    Civil Action No. 2: 12-249-DCR, Plaintiff Frances Bennett, individually and on behalf of the Estate of Juanita B. Martin;

    f.    Civil Action No. 2: 12-250-DCR, Plaintiffs Mark Randal Stafford and Vicie Carolyn Stafford, husband and wife;

    g.    Civil Action No. 2: 12-251-DCR, Plaintiffs Thomas R. Trent and Alma S. Trent, husband and wife;

    h.    Civil Action No. 2: 12-252-DCR, Plaintiff Terry Danny King;

    i.    Civil Action No. 2: 12-253-DCR, Plaintiffs Paulette Faith Moss and Roger Lee Moss, husband and wife;

    j.    Civil Action No. 2: 12-254-DCR, Plaintiff Tina R. Tye;

    k.    Civil Action No. 2: 13-001-DCR, Plaintiff Douglas Abraham, Special Administrator for the Estate of Ruth Britt.

3.    The following claims remain pending: (a) the claims asserted against Lilly in *Williams v. Eli Lilly and Company*, Civil Action No. 2: 12-270-DCR; (b) the claims asserted against Lilly by Plaintiffs Donna and Andrew Wagenknecht in *Silver, et al. v. Eli Lilly and Company, et al.*, Civil Action No. 2: 12-238-DCR; and (c) the claims asserted against Lilly by Plaintiffs Donald Shaw, James Pickens, Sr., and Linda Sue Chambless in *Shaw, et al. v. Eli Lilly and Co., et al.*, Civil Action No. 2: 12-243-DCR.

4.   The plaintiffs' motion to file an amended complaint in Civil Action No. 2: 12-238-DCR [MDL Record No. 2540] is **GRANTED**.  The Clerk of Court is **DIRECTED** to file the First Amended Complaint previously tendered in that action.

This 8th day of March, 2013.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge