UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| IN RE: DARVOCET, DARVON AND PROPOXYPHENE PRODUCTS LIABILITY LITIGATION | Master File No. 2: 11-md-2226-DCR<br>MDL Docket No. 2226 |
| *Capitano v. McKesson Corp., et al.*, | Civil Action No. 2: 12-218-DCR |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

**MEMORANDUM OPINION AND ORDER ON DEFENDANT ELI LILLY AND COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On March 7, 2012, this Court granted the master motion of Eli Lilly and Company ("Lilly") to dismiss the claims asserted against it in several cases. [MDL Record No. 1402] This dismissal was based on the plaintiffs' failure to properly identify Lilly as the entity that marketed, sold, or manufactured the propoxyphene products the plaintiffs claimed to have ingested. Lilly has since filed a motion for judgment on the pleadings in the above-captioned case. [MDL Record No. 2529] It seeks dismissal of the claims asserted against it by Plaintiff Nelson Capitano because he has failed to allege that the propoxyphene product ingested by the decedent was manufactured, sold, or otherwise supplied by Lilly.[1] For the reasons explained below, the Court will grant Lilly's motion.

---

1   The plaintiff brought this case against the defendants in his individual capacity and as Administrator of the Estate of Malinda Capitano. [Civil Action No. 2: 12-218-DCR, Record No. 1]

**I.**

As the Court has explained on numerous occasions in this multi-district litigation, the analysis is the same for motions brought under Rule 12(b)(6) and Rule 12(c). [MDL Record No. 1402, p. 4 (citing *Equal Emp't Opportunity Comm'n v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001))] When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). It requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

**II.**

A federal district court, sitting in diversity, must apply "the law, including the choice of law rules, of the forum state." *Westfield Ins. Co. v. Tech Dry, Inc.*, 336 F.3d 503, 506 (6th Cir. 2003); *see Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In an MDL proceeding, "the forum state is typically the state in which the action was initially filed before being transferred to the MDL court." *In re Vioxx Prods. Liab. Litig.*, 239 F.R.D. 450, 454 (E.D. La. 2006). The

above-captioned action was filed in the San Francisco Superior Court and removed to the United States District Court for the Northern District of California. [*See* Civil Action No. 2: 12-218-DCR, Record No. 1] Thus, the Court must "determine which state's law applies by applying the choice of law rules of [California]." *Volkswagen Grp. of Am., Inc. v. Peter J. McNulty Law Firm*, 692 F.3d 4, 14 (1st Cir. 2012).

California courts use a "'governmental interest' approach to the choice of laws." *In re Yagman*, 796 F.2d 1165, 1170 (9th Cir. 1986). Under this approach, the Court must first examine the substantive law of each implicated state — in this case, California and Illinois — to determine if the laws in the two jurisdictions differ with respect to the matter at issue. If they differ, the Court must then "determine whether both jurisdictions have an interest in having their laws applied. If only one jurisdiction has such an interest, then we do not have a 'true conflict' and we apply the law of that jurisdiction." *Nelson v. Int'l Paint Co.*, 716 F.2d 640, 644 (9th Cir. 1983). Only if there is a "true conflict" is it necessary for the Court to "determine which jurisdiction's interest would be more impaired if its policy were subordinated to the policy of the other." *Id.*

Here, there is no true conflict between the law of California and Illinois. Although the states' laws differ regarding the plaintiff's misrepresentation claims, Illinois is the only jurisdiction with an interest in having its law applied to this case. Capitano is a citizen of Illinois [Civil Action No. 2: 12-218-DCR, Record No. 1, p. 15 ¶ 11], and none of the defendant corporations are citizens of California. [*Id.*, pp. 15-16, 18-20] Additionally, as Lilly points out, the plaintiffs' allegations do not indicate that "any of the Defendants took any action in

California that led to or contributed to Plaintiff's alleged injuries." [MDL Record No. 2529-2, p. 7] Therefore, Illinois is the only state with an interest in having its laws govern this dispute.[2] Accordingly, the Court will apply this state's law to the plaintiff's claims.

### III.

Lilly seeks dismissal of all the claims asserted against it in this action on the grounds that the plaintiff has failed to allege the ingestion of a propoxyphene product that was manufactured, sold, or distributed by Lilly. It contends that Illinois products-liability law "requires that a plaintiff 'identify the supplier of the product and establish a causal connection between the injury and the product.'" [*Id.*, p. 5 (quoting *York v. Lunkes*, 545 N.E.2d 478, 480 (Ill. Ct. App. 1989))] Indeed, to succeed on a products-liability claim in Illinois, "the plaintiff must show an injury resulted from an unreasonably dangerous condition of the product which existed when the product left the defendant's control." *Hansen v. Baxter Healthcare Corp.*, 723 N.E.2d 302, 311 (Ill. Ct. App. 1999). In short, it is a general principle of Illinois products-liability law that "to hold a producer, manufacturer, or seller liable for injury caused by a particular product, there must first be proof that the defendant produced, manufactured, sold, or was in some way responsible for the product." *Smith v. Eli Lilly & Co.*, 560 N.E.2d 324, 328 (Ill. 1990) (internal quotation marks omitted); *see also In re Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.*, No. 3:12-md-02385-DRH-SCW, 2013 WL 656822, at *5 (S.D. Ill. Feb. 22, 2013). Therefore, the Court will dismiss the plaintiff's products-liability claims against Lilly.[3]

---

2    The plaintiff "concedes that Illinois law applies to his claim." [MDL Record No. 2574, p. 8]

3    Because claims for wrongful death and survival are derivative of the other claims asserted against Lilly, the Court will dismiss those counts of the plaintiff's complaint.

The plaintiff's misrepresentation claims will also be dismissed. The Court has previously found unpersuasive the plaintiff's argument that the manufacturer of a brand-name prescription drug may be held liable under a misrepresentation theory of liability to a plaintiff who ingested a generic product.[4] [*See* MDL Record Nos. 1274, 1402] In *Foster v. American Home Products Corp.*, 29 F.3d 165 (4th Cir. 1994), the Fourth Circuit rejected "the contention that a name brand manufacturer's statements regarding its drug can serve as the basis for liability for injuries caused by another manufacturer's drug." *Id.* at 170. The majority of courts that have addressed similar claims have followed the Fourth Circuit's lead.

Nevertheless, the plaintiff maintains that his misrepresentation claims against Lilly are viable under Illinois law. The plaintiff concedes that the "Illinois state courts have issued no definitive rulings of whether a brand manufacturer may be held liable in Illinois for misrepresentations that cause a plaintiff to in[g]est and suffer harm from a generic version of its drug." [MDL Record No. 2574, p. 8] Despite this, the plaintiff asserts that "[i]t is reasonable to assume that if an Illinois state court were presented with this fraudulent misrepresentation claim, they would allow the claims to be pursued as the as the courts have routinely upheld that 'every person shall find a certain remedy in the law.'" [MDL Record No. 2574, p. 8 (quoting Ill. Const. art. I, § 2)]

This Court, sitting in diversity, is bound to follow the law of the forum state. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). It is not the position of this Court to announce

---

4   In his response to Lilly's motion, the plaintiff incorporates by reference arguments regarding the misrepresentation theory of liability that were previously rejected by the Court. [MDL Record No. 2574, pp. 1-5; *see* MDL Record No. 635]

a new rule of law. Therefore, in the absence of any binding authority expanding the liability of brand-name manufacturers, the Court concludes that Lilly cannot be held liable to plaintiffs who ingested other manufacturers' drugs. The plaintiff asserts that his "misrepresentation claims are not products liability claims." [MDL Record No. 2574, p. 2] Therefore, he maintains, he is not required to demonstrate that Lilly manufactured or sold the product ingested. However, even if misrepresentation claims are distinct from products-liability claims in Illinois, the plaintiff must still prove the existence of a duty of care on the part of Lilly to recover under this theory. [*See* MDL Record No. 1274, pp. 10-11] The plaintiff has failed to provide any authority to support the proposition that, under Illinois law, a pharmaceutical manufacturer owes a duty to the consumers of another manufacturer's products. The Court will thus dismiss the plaintiff's misrepresentation claims against Lilly. Additionally, because the plaintiff was given the opportunity to amend his complaint and chose not to do so, the dismissal will be with prejudice. [*See* MDL Record No. 1792; *see* Civil Action No. 2: 12-218-DCR, Record No. 11 (entered October 29, 2012).]

### IV.

For the reasons discussed above, and explained in detail in the Memorandum Opinion and Order entered on March 7, 2012 [MDL Record No. 1402], the Court will dismiss the claims asserted against Lilly by Plaintiff Nelson Capitano. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Eli Lilly and Company's Motion for Judgment on the Pleadings [MDL Record No. 2529] is **GRANTED**.

2.        The claims asserted against Defendant Eli Lilly and Company in the above-captioned case are **DISMISSED**, with prejudice.

This 29th day of March, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge