UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| IN RE: DARVOCET, DARVON AND PROPOXYPHENE PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | Master File No. 2: 11-md-2226-DCR MDL Docket No. 2226<br><br>Civil Action No. 2: 12-247-DCR<br><br>**MEMORANDUM OPINION AND ORDER** |
| *Judy Schiller v. Eli Lilly & Company, et al.*, | | |

*** *** *** ***

Plaintiff Judy Schiller filed this action on November 19, 2012, in the United States District Court for District of New Jersey. [Record No. 1] This case, together with dozens of similar cases, was later transferred to this Court for consolidated pre-trial proceedings. [Record No. 3] The matter is currently pending for consideration of Defendant Xanodyne Pharmaceuticals, Inc.'s ("Xanodyne") motion for summary judgment. [Record No. 46][1] Schiller has not responded to the defendant's motion. After considering the record and authorities cited by Xanodyne, the Court will granted the relief requested by the defendant.

**I.**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

---

1  Schiller was represented by counsel at the time the action was filed. However, she is currently proceeding *pro se*.

R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

The party moving for summary judgment bears the burden of showing conclusively that no genuine issue of material fact exists. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). Once the moving party has met its burden of production, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). Instead, the nonmoving party must present "significant probative evidence" of a genuine dispute . . . to defeat the motion for summary judgment. *Chao*, 285 F.3d at 424. The nonmoving party cannot simply rely upon the assertions in its pleadings; rather, it must come forward with probative evidence, such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324. In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

The facts supporting Xanodyne's present motion are undisputed. Schiller's claims are based upon initial allegations that she ingested prescription medication containing propoxyphene. However, her discovery responses (including her responses to the defendants'

Product Identification Interrogatories and Requests for Production) fail to identify any Xanodyne product that she ingested.[2] The plaintiff's Rite Aid records indicate that Schiller was dispensed products containing propoxyphene during the period September 2003 through March 10, 2010. But utilizing the National Drug Code ("NDC") numbers, the pharmacy records do not identify a Xanodyne product ingested by Schiller. Likewise, Schiller's responses to the Plaintiff Fact Sheet do not identify Xanodyne as the manufacturer or seller of any product that she ingested.

In addressing Schiller's claims, the Court does not write on a blank slate. Instead, as outlined in its March 5, 2012, Memorandum Opinion and Order, under Kentucky, Ohio and New Jersey law, "it is well-settled that a 'threshold requirement of any products-liability claim is that the plaintiff assert that the defendant's product caused the injury.' . . . There is no theory of products liability under which a defendant can be held liable for an injury caused by a product that it did not sell, manufacture, or otherwise supply to the plaintiff." (Citations and footnote omitted.) [*See* MDL Record No. 1274, at p. 5.] Further, Sixth Circuit and other relevant authority support this Court's conclusions that the plaintiff's claims cannot survive summary judgment under the facts presented. *Smith v. Wyeth, Inc.*, 657 F.3d 420 (6th Cir. 2011), *reh'g denied* (Nov. 22, 2011), *petition for cert. denied* (Apr. 30, 2012); *Strayhorn v. Wyeth, Inc.*, 737 F.3d 378 (6th Cir. 2013); *Miles v. Raymond Corp.*, 612 F.Supp.2d 913, 917 (N.D. Ohio 2009); *Kurczi v. Eli Lilly and Company*, 113 F.3d 1426, 1432-33 (6th Cir. 1997) (requiring proof of product

---

2   Schiller claims that her subject prescriptions were filled at a Rite Aid pharmacy on West Perry Street in Port Clinton, Ohio. However, she does not identify any NDC numbers in her discovery responses. Instead, she refers to the Rite Aid pharmacy records as "proof" that she took products manufactured by the defendants. Schiller's prescription records are attached to the Affidavit of Kimberly Beck as Exhibit B. [*See* Record No. 47-1, Exhibit B, pp. 10-11.]

identification under Ohio law as a prerequisite to liability); *Sutowski v. Eli Lilly and Company*, 696 N.E.2d 187, 189-92 (Ohio 1998) (rejecting market share theory of liability); and Ohio Rev. Code §§ 2307.71(B) and 2307.73(A)(3) (The Ohio Product Liability Act is intended to abrogate all common law product liability claims or causes of action and an essential element of a claim under the act is proof that the defendant manufactured or sold the specific product that allegedly injured the plaintiff.).

In addition to plaintiff's product liability claims, her misrepresentation claim also fails. First, such claim is still subject to the production identification requirement that applies to general product liability claims. Second, the claim fails because Xanodyne did not owe a duty of care to individuals who did not ingest a product that it manufactured, sold or dispensed. [MDL Record No. 1274, at p. 9-10.] *See Smith v. Wyeth, Inc.*, 657 F.3d at 422; *Strayhorn v. Wyeth, Inc.*, 737 F.3d at 397.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Defendant Xanodyne Pharmaceuticals, Inc.'s Motion for Summary Judgment [Record No. 46] is **GRANTED**.

2. The claims asserted in this action by Plaintiff Judy Schiller against Defendant Xanodyne Pharmaceuticals, Inc., are **DISMISSED**, with prejudice.

This 7th day of April, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge