UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| IN RE: DARVOCET, DARVON, AND PROPOXYPHENE PRODUCTS LIABILITY LITIGATION | ) ) ) ) | Master File No. 2: 11-md-2226-DCR MDL Docket No. 2226 |
| *Bowen, et al.*, *v. McKesson Corp., et al.*, | ) | Civil Action No. 2: 13-058-DCR |
| *Mitchell, et al.*, *v. McKesson Corp., et al.*, | ) | Civil Action No. 2: 13-060-DCR |
| *Baltazar, et al.*, *v. McKesson Corp., et al.*, | ) | Civil Action No. 2: 13-061-DCR |
| *Dadoush, et al.*, *v. McKesson Corp., et al.*, | ) | Civil Action No. 2: 13-073-DCR |
| *Gomez, et al.*, *v. McKesson Corp., et al.*, | ) | Civil Action No. 2: 13-074-DCR |
| *Saunders, et al.*, *v. McKesson Corp., et al.*, | ) | Civil Action No. 2: 13-075-DCR |
| *Jasmin, et al.*, *v. McKesson Corp., et al.*, | ) ) ) | Civil Action No. 2: 13-076-DCR |
| | ) ) ) | **MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Consistent with the opinion of the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit") [MDL Record No. 3008] vacating this Court's July 25, 2013 Order and remanding the above-captioned cases, this matter is pending for consideration of the Plaintiffs' motions to remand.  [MDL Record Nos. 2608, 2612, 2613, 2659, 2663, 2664, 2665]  This Court's July 25, 2013 Order granted the Plaintiffs' motions, thereby remanding these cases to the California Superior Courts from which they were removed.   The Defendants appealed to the Sixth Circuit.  That court held the appeal in abeyance pending an en banc decision by the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") regarding whether a petition for coordination under § 404 of the California Code of Civil Procedure was a proposal for a joint trial, rendering the cases a "mass action" as defined in the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(11)(B)(i).

-1-

The Ninth Circuit has now answered that question in the affirmative, finding that "[a]sking for coordination or consolidation 'for all purposes' or 'through trial' to address common issues of law or fact is a proposal to try the cases jointly and creates federal jurisdiction under CAFA's mass action provision."  *Corber v. Xanodyne Pharm., Inc.*, 771 F.3d 1218, 1225 (9th Cir. 2014) (en banc).  Further briefing of the Plaintiffs' motions is not necessary. Having reconsidered the Plaintiffs' motions in light of *Corber*, the Court finds that it has jurisdiction over these cases under CAFA and the Plaintiffs' motions to remand will be denied.

A mass action is removable if the citizenship of any plaintiff is different from the citizenship of any defendant and the total matter in controversy exceeds $5,000,000.  28 U.S.C. § 1332(d)(2).  Under CAFA, a "mass action" is defined as "any civil action . . . in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact."  28 U.S.C. § 1332(d)(11)(B)(i).  Any civil action in which "the claims have been consolidated or coordinated solely for pretrial proceedings" is excluded from this definition.  28 U.S.C. § 1332(d)(11)(B)(ii)(IV).

The Plaintiffs' alleged proposal for a joint trial occurred on October 23, 2012, when they filed a Petition for Coordination of their related California state-court cases with the California Judicial Council.  They sought to coordinate these seven products-liability actions alleging the use of propoxyphene products, "as well as other such cases that may be filed before [the] Petition is decided."  [MDL Record No. 2710-2, p. 8; MDL Record No. 2710-5] Under California law, coordination of civil actions is appropriate

> if one judge hearing all of the actions for all purposes in a selected site or sites will promote the ends of justice taking into account whether the common question of fact or law is predominating and significant to the litigation; the convenience of parties, witnesses, and counsel; the relative development of the actions and the work product of counsel; the efficient utilization of judicial facilities and manpower; the calendar of the courts; the disadvantages of duplicative and inconsistent rulings, orders, or judgments; and, the likelihood of settlement of the actions without further litigation should coordination be denied.

Cal. Civ. Proc. Code § 404.1.  The Plaintiffs' Petition was granted on May 16, 2013.  [MDL Record No. 2710-8]  Here, the question of jurisdiction turns on whether the Plaintiffs' claims were "proposed to be tried jointly" when they asked that the cases be consolidated under state law.

The Ninth Circuit was faced with the same question in *Corber*.  That court looked to the language contained in the petitions for coordination to assess whether the plaintiffs proposed that the cases be tried jointly.  *Corber*, 771 F.3d at 1223 ("[W]hen we assess whether there has been a proposal for joint trial, we hold plaintiffs responsible for what they have said and done.").  The *Corber* court rejected application of a bright-line rule requiring that "a petition to evoke CAFA must expressly request a 'joint trial' to be a proposal to try the cases jointly.  *Id*. at 1225.  Application of this rule would "ignore the real substance of Plaintiffs' petitions."  *Id.*  The Ninth Circuit looked at the totality of the circumstances, rather than the explicit language, to examine whether the matter qualified as a removable mass action under CAFA.  *Id.* at 1220.

Instead, the court looked to the language the plaintiffs used to request coordination. First, the plaintiffs requested coordination "for all purposes," which "must include the purposes of trial."  *Id.* at 1223.  Second, the specific reasons relied upon by plaintiffs in their petition supported the conclusion that a joint trial was requested.  *Id.*  A joint trial was the

only means by which the plaintiffs' cited bases, such as "the danger of inconsistent judgments and conflicting determinations of liability" could be accomplished.  *Corber*, 771 F.3d at 1223.

The Plaintiffs' argument that they were simply parroting the requirements for consolidation under the language of § 404.1 of the California Code of Civil Procedure was rejected.  *Id.* at 1224.  In rejecting this argument, the *Corber* court noted that the plaintiffs listed several bases in support of the petition which were not included in the § 404.1 factors, "requested more than pre-trial coordination," and "repeatedly" stated that the factors catalogued in § 404.1 "all supported coordination, including the fact that 'one judge hearing all of the actions for all purposes in a selected site or sites will promote the ends of justice.'" *Id.*  The court stopped short of suggesting that all petitions for coordination under § 404 are proposals to try cases jointly for purposes of CAFA, noting that a petition expressly limiting coordination to pre-trial matters would not fall within the definition of a mass action.  *Id.*; *see Aiona v. Bayer Healthcare Pharm., Inc.*, No. C-14-4745, 2015 WL 293496 (N.D. Calif. January 20, 2015) (finding that petition which explicitly and repeatedly stated that coordination was sought "for pre-pretrial purposes only" did not fall within the ambit of CAFA).

The Ninth Circuit's reasoning in *Corber* is persuasive, and this Court adopts it here. The Plaintiffs' petition and supporting documentation use language almost identical to that considered by the Ninth Circuit in *Corber*.  The Plaintiffs clearly and repeatedly indicated that coordination was sought "for all purposes," which would include joint trial.  [MDL Record Nos. 2710-2, 2710-5]   The Petition itself references coordination to facilitate "hearing all of the actions for all purposes."  [MDL Record No. 2710-5]  Further, there is no

-4-

language in the petition or supporting documentation that would exclude coordination for trial purposes, or limit coordination for pre-trial purposes only. The Plaintiffs also specifically reference a "coordination trial judge," indicating that the plaintiffs intended a joint trial, even if not explicitly stated. [MDL Record No. 2710-2, p. 9]

Additionally, as in *Corber*, the Plaintiffs relied on certain factors which indicated that a joint trial was proposed as part of the coordination of cases. The Plaintiffs indicated that "absent coordination of these actions by a single judge, there is a significant likelihood of . . . possible inconsistent judicial rulings on legal issues" and that "the parties may suffer from disadvantages cause by duplicative and inconsistent . . . judgments." [MDL Record No. 2710-2, pp. 7, 9, 11] Further, the Plaintiffs indicated that common issues to be addressed after coordination include "issues pertaining to liability, allocation of fault and contribution, as well as the same wrongful conduct of defendants." [MDL Record No. 2710-2, p. 11] Such issues would be raised, most likely, during trial. Thus, the specific factors referenced by the Plaintiffs further support the conclusion that they were proposing a joint trial.

In summary, by asking for coordination of the cases "for all purposes" and relying on specific reasoning suggesting a joint trial, the Plaintiffs proposed a joint trial which created federal jurisdiction under CAFA's mass action provision. 28 U.S.C. § 1332(d)(11)(B)(i). Accordingly, it is

**ORDERED** that the Plaintiffs' motions to remand [MDL Record Nos. 2608, 2612, 2613, 2659, 2663, 2664, 2665] are **DENIED**.

This  27th day of February, 2015.



Signed By:

*Danny C. Reeves*   DCR

United States District Judge