UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| IN RE: DARVOCET, DARVON, AND PROPOXYPHENE PRODUCTS LIABILITY LITIGATION | Master File No. 2: 11-md-2226-DCR<br>MDL Docket No. 2226 |
| *Lightfoot v. Xanodyne Pharmaceuticals, Inc.* | Civil Action No. 2: 14-198-DCR |
| | **MEMORANDUM OPINION AND ORDER** |

*** *** *** ***

This matter is pending for consideration of Defendant Xanodyne Pharmaceuticals, Inc.'s motion [Record No. 23] to dismiss the claims asserted against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Felicia Lightfoot, proceeding *pro se*, has filed a response which the Court also construes as a motion for leave to amend her Complaint. [Record No. 26] As outlined below, the Court will grant both motions.

Lightfoot, who is "domiciled in Michigan," alleges that she was prescribed the drug Darvocet, a propoxyphene-containing product, from 1994 through 2004. [Record No. 1, ¶ 1] Lightfoot attempts to bring claims against Xanodyne for Breach of Express Warranty (Count I), Violation of Warranty of Redhibition (Count II), Breach of Implied Warranty (Count III), Unjust Enrichment (Count IV), Negligence (Count V), and Strict Products Liability. [*Id.*] She also includes a section in her Complaint entitled "Class Action." [*Id.*]

Contrary to Lightfoot's original beliefs, Xanodyne did not own, sell, manufacture, market, or distribute Darvocet or any other propoxyphene-containing product between 1994

-1-

to 2004. *See In re Darvocet, Darvon, and Propoxyphene Product Liability Litigation*, 756 F.3d 917, 923 (6th Cir. 2014). That did not occur until 2005. *Id.* Additionally, the United States Court of Appeals for the Sixth Circuit has confirmed that "Michigan courts require that plaintiffs in product liability actions prove that the defendant manufactured the injury-causing product." *Id.* at 947.

In her response, Lightfoot does not contest the dates that she alleged to have been prescribed and ingested Darvocet or a related, propoxyphene-containing product. Accordingly, Lightfoot's claimed injuries could not have been caused by a product that was owned, sold, manufactured, marketed, or distributed by Xanodyne. Taking Lighfoot's allegations as true, as this Court must for purposes of the present motion, Lightfoot has not stated a plausible claim of relief against Xandoyne. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As a result, Xanodyne's motion to dismiss Lightfoot's claims against it will be granted.

Lightfoot's response to Xanodyne's motion to dismiss is entitled, "Plaintiff Amendment Motion to Object to Defendant(s) Motion to Dismiss." [Record No. 26] She also tendered two summonses to the Court. [Record No. 26-1] These summonses were made out to "Eli Lilly Pharmaceutical Company" and "NeoSan Pharmaceutical Company," which have not been named as defendants in this case. [*Id.*] However, she has not tendered an amended complaint seeking to add these parties as defendants. The Court will liberally construe Lightfoot's pleadings because she is proceeding without counsel. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). To the extent that Lightfoot seeks to amend her Complaint, she was permitted to do so without leave

of Court under Fed. R. Civ. P. 15(a)(1), which allows for amendment of the Complaint once as a matter of course within "21 days after service of a motion under Rule 12(b)."

The Court will allow Lightfoot to tender an Amended Complaint within ten (10) days of this date. As requested by Xanodyne, Lightfoot is reminded that her claims against Xanodyne have been dismissed with prejudice so she may not name Xanodyne in an Amended Complaint. Additionally, Lightfoot is warned that her failure to timely tender an Amended Complaint within the time permitted will result in dismissal of this matter from the Court's docket. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Xanodyne Pharmaceutical Inc.'s motion [Record No. 23] to dismiss is **GRANTED**. Plaintiff Felicia Lightfoot's claims against Xanodyne Pharmaceutical Inc. are **DISMISSED**, with prejudice.

2. Plaintiff Felicia Lightfoot's motion [Record No. 26] to amend the Complaint is **GRANTED**. Plaintiff may tender an Amended Complaint within ten (10) days of this date. Failure to tender an Amended Complaint within the time permitted will result in dismissal of this action without further notice.

This 27th day of March, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge