UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | |
|---|---|
| IN RE: DARVOCET, DARVON, AND PROPOXYPHENE PRODUCTS LIABILITY LITIGATION | Master File No. 2: 11-md-2226-DCR<br>MDL Docket No. 2226 |
| *Bowen, et al.*, v. *McKesson Corp., et al.*, | Civil Action No. 2: 13-058-DCR |
| *Mitchell, et al.*, v. *McKesson Corp., et al.*, | Civil Action No. 2: 13-060-DCR |
| *Baltazar, et al.*, v. *McKesson Corp., et al.*, | Civil Action No. 2: 13-061-DCR |
| *Dadoush, et al.*, v. *McKesson Corp., et al.*, | Civil Action No. 2: 13-073-DCR |
| *Gomez, et al.*, v. *McKesson Corp., et al.*, | Civil Action No. 2: 13-074-DCR |
| *Saunders, et al.*, v. *McKesson Corp., et al.*, | Civil Action No. 2: 13-075-DCR |
| *Jasmin, et al.*, v. *McKesson Corp., et al.*, | Civil Action No. 2: 13-076-DCR |
| | **MEMORANDUM OPINION AND ORDER** |

*** *** *** ***

This matter is pending for consideration of the defendants' motion to certify the Court's Memorandum Opinion and Order entered May 15, 2015 [MDL Record No. 3057] in the above seven cases for interlocutory appeal to the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 1292(b). [MDL Record No. 3064]  Finding that subject matter jurisdiction was not proper under the non-CAFA grounds asserted by the defendants, the subject Order suggested remand of these cases to the California federal courts pursuant to 28 U.S.C. § 1332(d)(11)(C)(i).  Having reviewed this motion, the Court concludes that the relief sought should be granted.

In limited circumstances, a party aggrieved by a federal court's interlocutory decision may seek appellate review.  One statutory avenue for seeking such relief of purely legal questions provides that,

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

Certification under § 1292(b) is a two-step process which involves close analysis by the district and appellate courts and is reserved for truly exceptional circumstances. *Cardwell v. Chesapeake & Ohio Ry. Co.*, 504 F.2d 444 (6th Cir. 1974); *Kraus v. Bd. of Cnty. Rd. Comm'rs for Kent Cnty.*, 364 F.2d 919 (6th Cir. 1966). Accordingly, the Sixth Circuit has held that an interlocutory appeal is appropriate under § 1292(b) when:

(1) the order involves a controlling question of law,

(2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and

(3) an immediate appeal may materially advance the ultimate termination of the litigation.

*In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

In the present case, the defendants contend that the subject opinion[2] involves controlling questions of law because it "is predicated upon the determination that there are no non-CAFA grounds for subject matter jurisdiction, which is a question of law subject to de

---

[2] Certification under § 1292(b) applies to the order certified to the appellate court and not to the particular question formulated by the parties or the district court. Therefore, if certified, the appellate court could address any issue fairly included within the May 15, 2015 Memorandum Opinion and Order. *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996).

novo appellate review." [MDL Record No. 3064-1, p. 4] Further, they argue that there are substantial grounds for a difference of opinion regarding the correctness of the Court's ruling.

The undersigned agrees with the defendants' contention that the May 15, 2015 Memorandum Opinion and Order involves a "controlling question" as defined under 28 U.S.C. § 1292(b). A legal issue is controlling it if could materially affect the outcome of the case. *In re City of Memphis*, 293 F.3d at 351. Because the Order found that the cases were not subject to multi-district litigation transfer, resolution of the jurisdictional issue in the defendants' favor on appeal would subject the cases to this Court's dispositive rulings, rather than returning them to the California district courts. Thus, the outcome of the cases in this Court could be materially affected by whether non-CAFA jurisdictional grounds exist.

The plaintiffs' motion for a suggestion of remand was premised on CAFA's prohibition on the transfer of mass actions, absent consent by a majority of the plaintiffs. [MDL Record No. 3034] The Court found that, although the prohibition is not an impediment to transfer where other grounds for federal jurisdiction are also asserted, the defendants' non-CAFA grounds for jurisdiction were meritless, requiring remand to the transferor federal courts in California. [MDL Record No. 3057] In reaching this conclusion, the Court rejected the defendants' claims of the fraudulent joinder or fraudulent misjoinder of Defendant McKesson Corp. [*Id.*] Although the undersigned is unaware of any difference of opinion within the Sixth Circuit regarding these issues, the implications of procedural misjoinder have not been addressed by the Circuit. *See Kent State Univ. Bd. of Trs. v. Lexington Ins. Co.*, 512 F. App'x 485, 291 (6th Cir. 2013) (the Sixth Circuit has neither adopted nor rejected the fraudulent misjoinder doctrine). Thus, the undersigned concludes

that a substantial ground for difference of opinion exists regarding the correctness of its decision.

Likewise, the Court agrees with the defendants' assertion that certification may materially advance termination of this multi-district litigation. Because the issues addressed in the May 15, 2015 Memorandum Opinion and Order determine whether the cases will be adjudicated in this Court or returned to the federal courts in California, a favorable decision for the defendants by the Sixth Circuit would subject the above cases to this Court's dispositive rulings. Remand to the California courts is a less efficient process that delays the termination of this litigation. Accordingly, it is hereby

**ORDERED** as follows:

1. The defendants' motion to certify this Court's May 15, 2015 Memorandum Opinion and Order for interlocutory appeal [MDL Record No. 3064] is **GRANTED**.

2. The Court's May 15, 2015 Memorandum Opinion and Order [MDL Record No. 3057] is **AMENDED** to state that it involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation.

This 14th day of July, 2015.



Signed By:
*Danny C. Reeves* DCR
United States District Judge